OPINION
{¶ 1} On December 30, 2003, Canton Police Officers Mark Diels and Anthony Birone observed a female enter a van. The officers noticed the van displayed expired tags. The officers activated their lights and sirens to stop the van, but the driver refused to stop. A chase ensued. The driver reached a dead end and drove into the backyard of a residence. Thereafter, appellant, John Newman, Jr., exited the van and ran. Officer Birone chased appellant and caught him. The only other person in the van was the female who was seated in the passenger seat. Appellant was arrested and taken to police headquarters.
 {¶ 2} On January 29, 2004, the Stark County Grand Jury indicted appellant on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331 and one count of carrying a concealed weapon in violation of R.C. 2923.12.
 {¶ 3} A jury trial commenced on April 5, 2004. The jury found appellant guilty of the failure to comply count, but was unable to reach a verdict on the concealed weapon count. A mistrial was declared on the concealed weapon count and the state later filed a nolle prosequi as to the count. By judgment entry filed April 12, 2004, the trial court sentenced appellant to two years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The appellant's conviction was against the manifest weight of the evidence."
 I {¶ 6} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} Appellant was convicted of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) which states, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Appellant was convicted in the third degree as "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(a)(ii).
 {¶ 9} Appellant presents two challenges to his conviction. The first is that the evidence did not establish beyond a reasonable doubt that he was the driver of the van and secondly, the evidence did not establish the chase put persons or property at substantial risk of harm.
 {¶ 10} Appellant testified and stated he was not the driver of the van, but rather Brian Kure was. T. at 115-116. The officers testified they observed appellant exit the van from the driver's side, and the only other passenger in the van was the female. T. at 90, 108. No other male exited the van. T. at 91, 108. A video tape of the chase and stop was played for the jury. T. at 91. While at police headquarters, appellant apologized to the officers for running. T. at 109.
 {¶ 11} The officers testified after the cruiser's lights and sirens were activated, appellant refused to stop, causing a chase. T. at 87, 104. Speeds during the chase topped 50 mph, exceeding the speed limit of 25 mph. T. at 87, 105-106. The chase occurred in a residential area, and at times appellant appeared to be losing control. T. at 87-88, 106. The road conditions were wet as it was raining. T. at 88. Appellant failed to stop at a stop sign in a heavy traffic area. T. at 89, 105. As stated supra, a video tape depicted the chase.
 {¶ 12} Based upon the evidence presented, we find no indication that the jury lost its way in determining the facts and assigning credibility to the witnesses. We conclude there was sufficient credible evidence to substantiate the jury's verdict, and no manifest miscarriage of justice.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.